# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:25-cr-1174-RMG |
| v. | |
| James Benjamin Gosnell, Jr., | **ORDER** |
| Defendant. | |

This matter comes before the Court on Defendant's motion to seal, (Dkt. No. 70), his Motion to Suppress and Request for a Franks Hearing, and the redacted and unredacted versions of the affidavit of Special Agent Kyle Tallio of the Department of Homeland Security which United States Magistrate Judge Molly Cherry relied upon in issuing a search warrant for Defendant's residence, (Dkt. Nos. 71, 71-1, 71-2). For reasons set forth below, the motion to seal is granted in part and denied in part.

By way of background, the United States made an application on September 18, 2025, for a search warrant to search Defendant's residence regarding suspected child pornography. The search warrant application was supported by a thirty-five-page affidavit of Special Agent Tallio (hereafter the "Tallio Affidavit"). (Case No. 2:25-1101, Dkt. No. 3). The Government moved at that time to seal the application and supporting affidavit. (*Id.*, Dkt. No. 1). Magistrate Judge Molly Cherry that same day granted the motion to seal and authorized the issuance of a search warrant. (*Id.*, Dkt. Nos. 2, 4). On January 9, 2026, Magistrate Judge Cherry issued an order unsealing a redacted version of the affidavit. (*Id.*, Dkt. No. 11).

1

Defendant was arrested on September 16, 2025, pursuant to a Criminal Complaint and was ordered detained. He was subsequently indicted by a federal grand jury on nine counts related to the alleged possession, receipt, and distribution of child pornography. (Dkt. No. 25).

On January 14, 2026, Defendant moved to suppress documents obtained from the search warrant. (Dkt. No. 71). Attached to the motion was a redacted and unredacted version of the Tallio Affidavit. (Dkt. Nos. 71-1, 71-2). Defendant further moved to seal the Motion to Suppress and both the redacted and unredacted versions of the Tallio Affidavit. (Dkt. No. 70).

It is well settled that the public has a common law right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). A court may, in its discretion, seal documents if the public's right of access is outweighed by competing public and/or private interests. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Defendant asserts in his Motion to Seal that the motion is based upon the Magistrate Judge's initial order sealing the Tallio Affidavit. (Dkt. No. 70). Magistrate Judge Cherry's order was, however, subsequently amended to allow for the public filing of a redacted version of the special agent's affidavit. The unredacted version of the special agent's affidavit remains under seal.

The Court has reviewed the Defendant's Motion to Suppress and the attached redacted and unredacted versions of the Tallio Affidavit. After carefully weighing the various public and private interests at stake, the Court grants in part and denies in part Defendant's motion to seal (Dkt. No. 70) as follows:

1. The Court denies the motion to seal the Motion to Suppress (Dkt. No. 71) and the redacted version of the Tallio Affidavit (Dkt. No. 71-1). The Court is persuaded that

the public's right to access judicial documents outweighs any public or private interest in the sealing of these documents.

2. The Court grants the motion to seal the unredacted version of the Tallio Affidavit (Dkt. No. 71-2) because it contains private financial and other personal information in which the private interest in sealing this information outweighs the public interest in the release of the unredacted version of the affidavit.

Based on the foregoing, the Court directs the Clerk to unseal Dkt. Nos. 71 and 71-1 and to maintain the seal on Dkt. No. 71-2.

**AND IT IS SO ORDERED.**

                                                                                _s/ Richard M. Gergel_
                                                                                Richard Mark Gergel
                                                                                United States District Judge

January 15, 2026
Charleston, South Carolina