IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal No.: 2:25-cr-1174-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES BENJAMIN GOSNELL, JR. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**MOTION TO SEAL**

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Court to partially seal the United States' Response to the Defendant's Motion to Suppress. The Court has the inherent authority to seal these documents. *See Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988). The purpose of the Government's request is to protect sensitive investigative information contained within these documents and to avoid disclosure of the Defendant's personal identifying information.

On January 9, 2026, the Government moved for a limited unsealing of the affidavit to the search warrant at issue in the instant motion (2:25-cr-1101-MHC). The Court granted this motion and placed a redacted affidavit on the public docket. The purpose of the Government's motion was to accommodate more efficient litigation of the underlying search warrant, while protecting broader investigative concerns and the Defendant's personal identifying information.

Some of the facts described in the United States' Response to the Defendant's Motion to Suppress disclose information that remains sealed and redacted in the underlying search warrant affidavit. In order to remain consistent with what remains sealed, the Government moves for this

Court to partially seal the United States' Response to the Defendant's Motion to Suppress, allowing only a redacted motion to appear on the public docket. This would serve the continued purpose of protecting the broader investigation into child exploitation and the Defendant's personal identifying information. For these reasons, the Government submits that the interests in sealing portions of the Motion and outweigh the common-law public right of access and that sealing is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Government further submits that, by sealing only the proposed redacted portions of the United States' Response to the Defendant's Motion to Suppress, the denial of access is narrowly tailored to serve the Government's interests in sealing. *Id.* at 429.

Based on the foregoing, the Government requests that the redacted portions of the United States' Response to the Defendant's Motion to Suppress be filed under seal except that working copies should be made available to the United States Attorney's Office, Homeland Security Investigations, any other law enforcement agency designated by the United States Attorney's Office, and the Defendant and his Counsel.

        Respectfully Submitted,

        BRYAN P. STIRLING
        UNITED STATES ATTORNEY

        By: *s/ Katherine Orville*
            Katherine Anne Orville
            Assistant United States Attorney
            Federal I.D. No. 13332
            Charleston, South Carolina
            Katherine.Orville@usdoj.gov

February 13, 2026