IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER: 2:25-cr-1174-RMG |
| | ) | |
| -versus- | ) | |
| | ) | |
| JAMES BENJAMIN GOSNELL, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO SEAL**

Comes Now, the Defendant, James B. Gosnell, Jr., by and through his undersigned counsel, Lionel S. Lofton, and respectfully moves this Honorable Court to partially seal the Defendant's Reply to the Government's Response in Opposition of Defendant's Motion to Suppress and Request for a *Franks* hearing (hereinafter "Defendant's Reply") including Exhibits. The Court has the inherent authority to seal these documents. *See Baltimore Sun v. Goetz*, 886 F.2d 60 (4th Cir.1988.). The purpose of the Defendant's request is to protect information deemed sensitive to the Government's investigation and to avoid disclosure of the Defendant's personal identifying information.

On January 9, 2026, the Government moved for a limited unsealing of the affidavit to the search warrant at issue in the instant motion (2:25-cr-1101-MHC). The Court granted this motion and placed a redacted affidavit on the public docket.

Some of the facts described in the Defendant's Reply disclose information that remains sealed and redacted in the underlying search warrant affidavit. In order to remain consistent with what remains sealed, the Defendant moves for this Court to partially seal the Defendant's Reply,

allowing only the redacted version of Defendant's Reply to appear on the public docket. This would serve to protect the integrity of the Government's investigation and the Defendant's personal identifying information. For these reasons, the Defendant submits that the interests in sealing portions of the Defendant's Reply outweigh the common-law public right of access and that sealing is "essential to preserve higher values." See Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 429-31 (4th Cir. 2005). The Defendant further submits that by sealing only the proposed redacted portions of the Defendant's Reply the denial of access is narrowly tailored to serve the Defendant's interest in sealing. *Id*. at 429.

Based on the foregoing, the Defendant requests that the redacted portions of the Defendant's Reply be filed under seal except that working copies should be made available to the Defendant and his Counsel, the United States Attorney's Office, and law enforcement agencies designated by the United States Attorney's Office.

                          Respectfully submitted,

                          LOFTON & LOFTON, P.C.

BY:    s/Lionel S. Lofton
          LIONEL S. LOFTON, #2711
          V. LYNN LOFTON, #8059
          225 Seven Farms Drive, Suite 109
          Charleston, SC 29492
          (843) 722-6319 Office
          (843) 722-6372 Facsimile
          Lofton@loftonandlofton.com

          ATTORNEY FOR DEFENDANT

Charleston, South Carolina

March 6, 2026